# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL BRUM,**

      **Movant,**

**v.**                                                                             **Case No. 07-C-196**
                                                                               **(98-CR-165)**

**UNITED STATES OF AMERICA**

## DECISION AND ORDER

Michael Brum ("Brum") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 30, 2007, the Court converted his § 2241 petition into a motion pursuant to 28 U.S.C. § 2255, and requested that Brum file his motion on the standard form pursuant to Rule 2(c) of the Rules Governing Section 2255 Proceedings. Brum complied with the Court's order, but he also filed an objection. He complained that the Court's order was not signed, and he continues to maintain that his claim is one pursuant to § 2241 rather than § 2255.

Electronic signatures are specifically authorized under the Federal Rules of Civil Procedure. Rule 5 states, in pertinent part, that "a court may by local rule permit papers to be filed, signed or verified by electronic means that are consistent with technical standards,

if any, that the Judicial Conference of the United States establishes." Fed. R. Civ. P. 5(e). The Electronic Case Filing Policies and Procedures enacted in this district specifically allow for the use of electronic signatures by judges on electronically filed orders. The order previously entered in this matter was electronically signed in accordance with these rules.[1]

Section 2255 is the proper vehicle for collaterally attacking the validity of a conviction and sentence, while a petition pursuant to § 2241, in contrast, provides the appropriate means to challenge the execution of a sentence. *See Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992). Brum raises two grounds for relief, both which appear to attack the validity of his conviction and sentence, rather than its execution.[2] First, Brum alleges that 18 U.S.C. § 1958(a), the statute pursuant to which he was convicted, is unconstitutional.[3] Second, he challenges the legality of having to participate in an anger management program as a condition of his supervised release.

The Court must deny his first ground for relief because it is untimely filed. Brum filed his habeas petition on March 23, 2007, but his judgment of conviction became final on February 19, 1999. A movant has one year after the date on which his judgment becomes final to challenge the validity of his conviction in a collateral motion. *See* 28 U.S.C. § 2255.

---

[1] Brum also challenges this Court's authority to issue decisions because he alleges that the Court did not take an oath of office. The Court takes judicial notice that it took the oath of office on August 14, 1992.

[2] Brum raises several other grounds, but they challenge the validity of the Court's order of March 30, 2007, which converted his § 2241 petition to a motion pursuant to § 2255.

[3] Brum's first claim clearly attacks the validity of his conviction, rather than the execution of his sentence. Accordingly, it is properly brought pursuant to § 2255, instead of § 2241.

2

Brum filed his motion challenging the constitutionality of the statute upon which he was convicted over six years after his conviction became final, and as such, is untimely filed.

Furthermore, Brum already filed a motion for post conviction relief on March 1, 2002. In order to file a second post conviction motion, Brum must receive certification from the court of appeals as provided in 28 U.S.C. § 2244. Brum never received such certification.

Brum's second ground for relief claims that this Court illegitimately changed his sentence on November 2, 2006. Specifically, he challenges the constitutionality of having to take anger management courses as a condition of his supervised release. However, the Court did not make any ruling regarding his sentence on November 2, 2006. Rather, at his original sentencing, on February 19, 1999, the Court recommended that he participate in an anger management program. If Brum is challenging that determination, then it is likewise untimely filed. *See* 28 U.S.C. § 2255.

Perhaps Brum is instead challenging the recommendation of the Family Services of Northeast Wisconsin, Inc., which, on November 2, 2006, recommended that Brum participate in an anger management program as a condition of his supervised release. Brum claims that this is a "change" in his sentence. If that is what Brum is alleging, then it would be a challenge to the execution of his sentence, rather than its validity, and accordingly would be a petition pursuant to § 2241. Regardless of how one terms it, though, the recommendation of the Family Services of Northeast Wisconsin cannot be deemed a "change" because it is consistent with the recommendation that this Court made at his original sentencing on

3

February 19, 1999. (Docket No. 26, Case No. 98-CR-165.)

The Court has given Brum's *pro se* filings a liberal construction. Nevertheless, the Court is required to deny his motion for post conviction relief.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Brum's Motion for Post Conviction Relief (Dockets No. 1 & 7) is **DENIED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 6th day of July, 2007.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**