# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

            **v.**                                    **Case No. 07-C-196**
                                                        **(98-Cr-165)**

**MICHAEL HENRY BRUM,**

                    **Movant.**

---

# DECISION AND ORDER

---

This Decision and Order addresses Movant Michael Henry Brum's ("Brum")

motion for reconsideration pursuant to Rule 59(e) (Docket No. 25). Brum states that his

"motion does not seek relief from the judgment under [Fed.] R. Civ. P. 60." (Mot. 4.)

*Background*

The Court's docket discloses that on March 1, 2007, Brum filed a petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was assigned Case Number 07-C-

196. On March 30, 2007, the Court issued an order informing Brum that it construed the

motion as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255,

advising Brum that his petition did not conform to Rule 2(c) of the Rules Governing Section

2255 Proceedings which requires that a Section 2255 motion "must substantially follow either

the form appended to these rules or a form prescribed by a local district rule," and that he had

until April 27, 2007, to complete and file such form. Brum was also advised that if the Court

did not receive a Section 2255 motion from Brum by the stated deadline, it would dismiss the

case without prejudice. On April 27, 2007, Brum filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence with an attachment.

On July 6, 2007, this Court issued a Decision and Order dismissing the petition because it was untimely and because it was a successive petition.[1] Judgment was entered on July 9, 2007, and the case was closed.

On July 20, 2007, Brum filed a motion for reconsideration, which he supplemented with a filing on August 3, 2007. The Court denied the motion for reconsideration in a Decision and Order issued on August 10, 2007. On September 11, 2007, Brum filed a notice of appeal from the Court's August 10, 2007, Decision and Order. The Court treated Brum's notice of appeal as a request for a certificate of appealability and denied that request in a September 25, 2007, Decision and Order. Brum's motion for reconsideration of the September 25, 2007, Decision and Order, was denied by a Decision and Order that the Court issued on October 26, 2007.

On April 1, 2008, the Court of Appeals issued an order denying Brum's request for a certificate of appealability and his motion to proceed *in forma pauperis* on appeal. *See Brum v. United States*, Case No. 07-3417 (7th Cir. Apr. 1, 2008). The appeals court noted that Brum has served his term of incarceration and is currently on supervised release. *Id*. at 1. The appellate court stated that "it need not decide whether either of Brum's prior collateral attacks counted as his one opportunity under § 2255 because Brum does not make a substantial showing of a constitutional right in this case." *Id*. at 2.

---

[1]This Court's July 6, 2007, order does not mention the petition that Brum filed in 2001.

On May 28, 2008, the Court of Appeals' mandate was filed with this Court. On June 2, 2008, the appeal record was returned to this Court.

No entries appear on the Court docket in this action from June 2, 2008, until February 3, 2009, when Brum filed the instant motion for reconsideration.

*Analysis*

Brum states clearly that he intends to file a motion for reconsideration pursuant to Rule 59(e), and that he is seeking reconsideration of a judgment entered December 25, 2008, and that his motion was filed on January 14, 2009, which is "ten working days" after the entry of judgment. (Mot. 4.) However, the motion includes a proof of filing signed by Brum stating that the motion was filed on February 3, 2009. (*Id*. at 9-10.) The Court's docket also indicates that the motion was filed on February 3, 2009. Notably, neither the docket in this action nor the docket in Brum's underlying criminal action, *United States v. Brum*, Case Number 98-Cr-165, disclose that a judgment was entered on December 25, 2008.

Because Brum's motion was filed more than ten days after the entry of judgment, it falls within the ambit of Rule 60 of the Federal Rules of Civil Procedure. The Court notes that a Rule 60 motion filed in a § 2255 proceeding requires further consideration, because it may functionally be a motion for relief under § 2255. *See Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007). However, Brum's motion does not raise new grounds challenging the legality of his detention and seeking his release.

Brum's motion for reconsideration lists multiple basis for relief. He contends that: (1) the Court has a conflict of interest rendering the judgment void; (2) the Court's July

3

9, 2007, order violated his due process rights and attempted to manipulate the proceedings because it did not include findings of fact and conclusions of law as required by Rules 52(a) and 54(b) of the Federal Rules of Civil Procedure; (3) the Court violated *Castro v. United States*, 540 U.S. 375 (2003) by re-characterizing his filings; (4) the Court violated 18 U.S.C. § 4001(a) which states that no citizen of the United States may be imprisoned except pursuant to a statute of Congress, and that Title 18 of the United States Code and 18 U.S.C. § 3231 are not valid; (5) the Court did not liberally construe Brum's filings as required for a pro se litigant; (6) the Court manipulated its jurisdiction which violated due process; (7) the Court's refusal to acknowledge the limitation on subject matter jurisdiction as defined in *United States v. Cotton*, 535 U.S. 625, 630 (2002); and, (8) the Court violated Canons 1, 2 and 3 of the Code of Conduct for United States Judges and thereby violated Brum's right to due process.

With the exception of Brum's contention with respect to the July 9, 2007, order, these contentions were presented in his April 27, 2007 filing. Additionally, the content of the current motion for reconsideration is largely duplicative of Brum's July 20, 2007, motion for reconsideration. Thus, these matters were previously presented to the Court and rejected. The Court of Appeals also declined Brum's application for a certificate of appealability and his request for leave to proceed *in forma pauperis* in this case.

Moreover, to the extent that Brum may present the motion at this juncture, Rule 60(b) contains five clauses setting forth specific grounds for relief as well as a final catch-all clause in Rule 60(b)(6). *See Wesco Prod. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir.

4

1989). The contentions raised by Brum do not fall within one through three or five of enumerated categories for relief under Rule 60(b).

Rule 60(b)(4) provides for relief when the judgment is void. Additionally, the role of Rule (b)(6) is to allow judgments to be set aside, without limitation of time, when the circumstances of its invocation are "extraordinary." *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 342 (7th Cir. 2004); *See also Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 554 (7th Cir. 1996). Having carefully considered Brum's arguments in his Rule 60 motion, the Court concludes that Brum has not established extraordinary circumstances for relief under Rule 60(b). Brum reformulates his prior arguments and largely takes issue with this Court's determination that Brum's petition was properly characterized as a motion pursuant to Section 2255 and is a successive petition. Therefore, Brum's motion, which this Court has construed as a Rule 60(b) motion, is denied.

A motion under Rule 60(b) is not a substitute for a timely appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). Brum's attempt to appeal was rebuffed by the Court of Appeals. He responded, after sometime, by attempting to re-litigate the same contentions that he previously unsuccessfully raised before this Court.

Brum is advised that pursuant to Rule 11 of the Federal Rules of Civil Procedure, the Court has the authority to impose sanctions upon litigants who file repeated and frivolous motions as a penalty for contempt of court and as a part of this Court's inherent power to control proceedings. *See Smith v. Gilmore*, 111 F.3d 55, 56 (7th Cir. 1997); *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). While the Court is empowered

to impose monetary sanctions against proponents of frivolous litigation, *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004), it will not exercise that authority at this juncture.

        **NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

        Brum's motion for reconsideration (Docket No. 25) is **DENIED**.

        Dated at Milwaukee, Wisconsin this 26th day of March, 2009.

                    **BY THE COURT**

                    *s/ Rudolph T. Randa*
                    **Hon. Rudolph T. Randa**
                    **Chief Judge**